IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BRANDON W. MALONE                                                                                  PLAINTIFF

v.                                        CIVIL NO. 23-3050

MARTIN J. O'MALLEY, Commissioner
Social Security Administration                                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Brandon W. Malone, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on October 19, 2020, alleging an inability to work since August 23, 2019,[1] due to anxiety, PTSD (post-traumatic stress disorder), major depression, severe back pain, bipolar disorder, and ADHD (attention-deficit hyperactivity disorder). (Tr. 143, 252).  An administrative video hearing was held on August 25, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 81-111).

By written decision dated February 13, 2023, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14).

---

[1] At the administrative hearing held on August 25, 2022, Plaintiff, through his counsel, amended his alleged onset date to February 22, 2020. (Tr. 11, 83)

1

Specifically, the ALJ found Plaintiff had the following severe impairments: a spine disorder, migraines, asthma, hypertension, obesity, depression, and anxiety. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except that he can occasionally climb, balance, crawl, kneel, stoop, and crouch. He must avoid concentrated exposure to pulmonary irritants, such as fumes dusts, odors, and gases. The claimant can perform simple tasks; respond to supervision that is simple, direct, and concrete; and occasionally interact with supervisors, coworkers, and the public.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a document specialist, a surveillance system monitor, and a press clipping trimmer. (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff denied that request on September 27, 2023. (Tr. 1-7). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision.  (ECF Nos. 13, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issues on appeal: 1) The ALJ erred in propounding an accurate hypothetical question to the vocational expert at the administrative hearing; 2) The ALJ failed to adequately discharge his duty to develop the record; 3) The ALJ erred in finding Plaintiff's alleged anxiety, depression, and PTSD non-severe; and 4) The ALJ erred in determining Plaintiff's RFC.

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform sedentary work with limitations, the ALJ considered the medical assessments of treating, examining and non-examining agency medical consultants, Plaintiff's medical records, Plaintiff's subjective complaints, and witness statements. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record, the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC for the relevant time period. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). As mentioned, the Court will not "reverse merely 'because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the Court] would have decided the case differently'" *KKC ex rel. Stoner v Colvin*, 818 F.3d 364, 369 (8th Cir. 2016) (citations omitted).

3

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as document specialist, a surveillance system monitor, and press clipping trimmer. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 18th day of July 2024.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE